UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES O'CONNER,<br><br>Plaintiff,<br><br>v.<br><br>NUVASIVE, INC., J. CHRISTOPHER BARRY, AMY BELT RAIMUNDO, VICKIE L. CAPPS, JOHN A. DEFORD, ROBERT F. FRIEL, R. SCOTT HUENNEKENS, SIDDHARTHA C. KADIA, LESLIE V. NORWALK, and DANIEL J. WOLTERMAN,<br><br>Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br><br><br>**JURY TRIAL DEMAND** |

Plaintiff James O'Conner ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1.     Plaintiff brings this action against NuVasive, Inc. ("NuVasive" or the "Company") and NuVasive's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Globus Medical, Inc. through its wholly-owned subsidiary Zebra Merger Sub, Inc. (collectively "Globus Medical").

2.     Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on March 28, 2023. The Proxy recommends that NuVasive stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby NuVasive is acquired by Globus Medical. The Proposed Transaction was

1

first disclosed on February 9, 2023, when NuVasive and Globus Medical announced that they had

entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Company

stockholders will receive 0.75 shares of Globus Medical Class A common stock for each share of

NuVasive common stock they own (the "Merger Consideration"). The deal is valued at

approximately $3.1 billion and is expected to close in the middle of 2023.

3.      The Proxy is materially incomplete and contains misleading representations and

information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy

contains materially incomplete and misleading information concerning the financial projections

prepared by NuVasive management, the financial analyses conducted by BofA Securities, Inc.

("BofA"), NuVasive's financial advisor.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin

Defendants from taking any steps to consummate the Proposed Transaction, including filing an

amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be

disseminated to NuVasive's stockholders, unless and until the material information discussed

below is included in any such amendment or otherwise disseminated to NuVasive's stockholders.

In the event the Proposed Transaction is consummated without the material omissions referenced

below being remedied, Plaintiff seeks to recover damages resulting from the Defendants'

violations.

## PARTIES

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock

of NuVasive.

6.      Defendant NuVasive is a corporation organized and existing under the laws of the

State of Delaware. The Company's principal executive offices are located at 12101 Airport Way,

Broomfield, Colorado 80021. NuVasive common stock trades on NASDAQ under the ticker symbol "NUVA."

7.      Defendant J. Christopher Barry has been the Chief Executive Officer and a director of the Company since 2018.

8.      Defendant Amy Belt Raimundo has been a director of the Company since 2021.

9.      Defendant Vickie L. Capps has been a director of the Company since 2015.

10.     Defendant John A. DeFord has been a director of the Company since 2018.

11.     Defendant Robert F. Friel has been a director of the Company since 2016.

12.     Defendant R. Scott Huennekens has been a director of the Company since 2018.

13.     Defendant Siddhartha C. Kadia has been a director of the Company since 2021.

14.     Defendant Leslie V. Norwalk has been a director of the Company since 2014.

15.     Defendant Daniel J. Wolterman has been a director of the Company since 2015. Defendant Wolterman serves as Chairman of the Board.

16.     Nonparty Globus Medical, Inc. is a Delaware corporation with its principal executive offices located at 2560 General Armistead Avenue, Audubon, Pennsylvania 19403. Globus Medical, Inc's common stock trades on NYSE under the ticker symbol "GMED."

17.     Nonparty Zebra Merger Sub, Inc. is a Delaware corporation and is a wholly owned subsidiary of Globus Medical, Inc.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19.     Personal jurisdiction exists over each Defendant either because the Defendant

conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

21.     NuVasive is a global medical technology company focused on developing, manufacturing, selling and providing procedural solutions for spine surgery. NuVasive offers a portfolio of procedurally integrated spine surgery solutions, including surgical access instruments, spinal implants, fixation systems, biologics, and enabling technologies, as well as systems and services for intraoperative neuromonitoring. In addition, NuVasive develops and sells magnetically adjustable implant systems for spine and specialized orthopedic procedures.

22.     On February 8, 2023, the Company entered into the Merger Agreement with Globus Medical.

23.     According to the press release issued on February 9, 2023, announcing the Proposed Transaction:

**Globus Medical and NuVasive to Combine in All-Stock Transaction to Create Innovative Global Musculoskeletal Company Focused on Patient Care**

*Capitalizes on complementary global commercial organizations and accelerates Globus Medical's and NuVasive's globalization strategies to increase customer reach and deepen surgeon relationships*

*Brings together innovative technologies to create comprehensive procedural solutions offering to better support surgeons, healthcare providers and patients*

*Leverages shared commitment to innovation to further both companies' efforts to address the full continuum of care and help solve unmet clinical needs*

*Expands operational excellence capabilities to further serve and enable the combined commercial organizations to better support customers*

*Strong financial profile and value creation opportunity*

*Companies to host joint conference call today at 8 a.m. ET*

**Audubon, PA and San Diego, CA – February 9, 2023 –** Globus Medical (NYSE: GMED), a leading musculoskeletal solutions company, and NUVASIVE (NASDAQ: NUVA), the leader in spine technology innovation, today announced they have entered into a definitive agreement to combine in an all-stock transaction. The transaction brings together two well-regarded technology companies in the musculoskeletal industry, which have a shared vision focused on innovation in a relentless pursuit of unmet clinical needs to improve patient care.

Under the terms of the agreement, which was unanimously approved by the boards of directors of both companies, NuVasive shareholders will receive 0.75 of a share of Globus Medical Class A common stock for each share of NuVasive common stock owned at the closing of the transaction. Based on this exchange ratio, the implied share price for NuVasive would be $57.72, an equity value of $3.1 billion, based on Globus Medical's closing share price on February 8. Following the close of the transaction, NuVasive shareholders will own approximately 28% of the combined company, and Globus Medical shareholders will own approximately 72%, on a fully diluted basis.

"This transaction reflects our mission to become the leading musculoskeletal technology company in the world by developing products that promote healing in patients with musculoskeletal disorders," said Dan Scavilla, president and chief executive officer of Globus Medical. "With NuVasive, we can help support more patients through leading innovation and expanding our commercial reach to provide superior service to our surgeon and hospital partners. We look forward to combining the NuVasive and Globus Medical teams to capitalize on the many opportunities to improve patient care and create sustainable shareholder value."

"Our combination with Globus Medical is transformative, joining two companies with highly complementary capabilities, geographic footprints and customer bases," said Chris Barry, chief executive officer of NuVasive. "Together, we will be able to offer an exceptional portfolio of clinically proven solutions, supported by strong commercial and surgeon education teams. The new company will be well-positioned to deliver value creation for shareholders, further support our surgeon partners—and most importantly, change the lives of more patients."

**Strategic and Financial Benefits**

- **Complementary global scale and expanded commercial reach.** The transaction accelerates each company's globalization strategy to target the $50 billion musculoskeletal market, which includes spine, orthopedics, enabling technology, power tools, biologics and more. Together, Globus Medical and NuVasive will have a presence in more than 50 countries with more than 5,000 employees. The new organization's larger commercial sales organization will enable it to further penetrate existing and future markets, reaching more surgeons and patients around the world.

- **Comprehensive and innovative portfolio in spine and orthopedics.** The transaction pairs Globus Medical's and NuVasive's complementary spine and orthopedic solutions and enabling technologies to create one of the most comprehensive, innovative offerings in the industry.

- **Continued commitment to product development and surgeon education**. Globus Medical and NuVasive both have strong records of developing technology that solves unmet clinical needs for the treatment of musculoskeletal disorders. Globus Medical will continue to prioritize collaboration with healthcare professionals to develop these ground-breaking products and solutions to treat the full continuum of care from planning to execution to postoperative data.

- **Expands operational capabilities.** The company will leverage operational excellence capabilities to further unlock manufacturing capacity and asset utilization to support the commercial organization. Globus Medical and NuVasive will benefit from their respective operational advantages—including but not limited to Globus Medical's strong, in-house manufacturing capacity and NuVasive's global distribution networks, including NuVasive's Memphis-based global distribution center.

- **Compelling upside revenue potential**. The Globus Medical and NuVasive product, customer, and geographic footprints are highly complementary. As a result, through this transaction, the combined company expects to serve more surgeon customers with more solutions in more geographies around the world, creating compelling growth opportunities over the long-term.

- **Strong financial profile and value creation opportunity.** The combined companies have strong track records of delivering above-market net sales growth, through their innovation and commercial channels. The company will leverage Globus Medical's financial rigor and discipline as it aims to deliver a mid-30-percent EBITDA profile over the next three years, which includes approximately $170 million in identified cost synergies.

*       *       *

**Approvals and Time to Close**

The transaction is expected to close in the middle of 2023, subject to the approval of both companies' shareholders, regulatory approval, and other customary closing conditions.

**B.   The Materially Incomplete and Misleading Proxy**

24.      On March 28, 2023, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

25.      The Proxy discloses management-prepared financial projections for the Company and for Globus Medical, which are materially misleading. The Proxy indicates that in connection with the rendering of BofA's fairness opinion, BofA reviewed "certain internal financial and operating information with respect to the business, operations and prospects of NuVasive furnished to or discussed with BofA Securities by the management of NuVasive, including certain financial forecasts relating to NuVasive prepared by the management of NuVasive." Additionally, the Proxy indicates that BofA reviewed "certain internal financial and operating information with respect to the business, operations and prospects of Globus furnished to or discussed with BofA Securities by the management of Globus, including certain financial forecasts relating to Globus prepared by the management of Globus."

26.      Accordingly, the Proxy should have, but failed to, provide certain information in

the projections that NuVasive's and Globus Medical's management provided to the Board and BofA.

27.     Notably, Defendants failed to disclose the Company's calculation of Globus Medical's Unlevered Free Cash Flow over the projection period, used by BofA in its financial analyses and the line-item entries used by the Company to calculate Globus Medical's Unlevered Free Cash Flows.

28.     The Proxy also fails to disclose the line item entries forming the basis of the Adjusted EBITDA and Unlevered Free Cash Flow calculations in the "Globus Standalone Projections."

29.     In connection with "NuVasive LRBP," the "NuVasive Standalone Projections," and the "Revised NuVasive Standalone Projections," the Proxy similarly fails to disclose all line item entries that form the basis of the following calculations: (a) Adjusted Operating Income; (b) Adjusted EPS; and (c) Unlevered Free Cash Flow, as applicable.

30.     Moreover, the Proxy fails to disclose all line item entries forming the basis of the EBITDA calculation in the "NuVasive Combined Company Projections."

31.     This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning BofA's Financial Analyses*

32.     With respect to the *Discounted Cash Flow Analysis* of Nuvasive, the Proxy fails to disclose: (a) Nuvasive's terminal values; (b) the Company's estimated adjusted EBITDA for the 2027 fiscal year; and (c) Nuvasive's net debt as of the end Q4 for the 2022 fiscal year.

33.     With respect to the *Selected Publicly Traded Companies Analysis* of NuVasive, the Proxy fails to disclose the specific financial multiples and metrics for each of the selected companies.

34.     With respect to the *Selected Precedent Transactions Analysis* for NuVasive, the Proxy fails to disclose: (a) the specification of the transactions analyzed; (b) the financial multiples and metrics for each of the selected transactions; and (c) the individual premiums for each of the target companies in the analysis.

35.     With respect to the *Equity Research Analyst Price Targets Analysis* for NuVasive, the Proxy fails to disclose the specific price targets and their sources.

36.     With respect to the *Discounted Cash Flow Analysis* of Globus Medical performed by BofA, the Proxy fails to disclose Globus Medical's terminal values, its net debt as of the end Q4 for the 2022 fiscal year, as well as the unlevered free cash flows over the projection period,

37.     With respect to the *Selected Publicly Traded Companies Analysis* of Globus Medical, the Proxy fails to disclose the specific financial metrics and multiples for each of the selected companies.

38.     With respect to the *Has/Gets Analysis*, the Proxy fails to disclose: (a) the net present value of the assumed synergies and dis-synergies; (b) the decreased cash from the Merger to the surviving company; and (c) the terminal values for the assumed synergies and dis-synergies for years following 2027.

### *Materially Incomplete and Misleading Disclosures Concerning the Potential Conflicts of Interest*

39.     The Proxy fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including if any of Globus Medical's proposals or indications

of interest discussed the retention of Company management in the surviving company or their purchase of or participation in the equity of the combined corporation.

40.    This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

41.    In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

42.    Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

43.    Further, the Proxy indicates that on February 8, 2023, BofA reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to NuVasive stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning BofA's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

44.     Plaintiff is immediately threatened by the wrongs complained of herein and lacks

an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to

prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth

herein.

46.     Defendants have filed the Proxy with the SEC with the intention of soliciting

NuVasive stockholder support for the Proposed Transaction. Each of the Individual Defendants

reviewed and authorized the dissemination of the Proxy, which fails to provide the material

information referenced above.

47.     In so doing, Defendants made materially incomplete and misleading statements

and/or omitted material information necessary to make the statements made not misleading. Each

of the Individual Defendants, by virtue of their roles as officers and/or directors of NuVasive, were

aware of the omitted information but failed to disclose such information, in violation of Section

14(a).

48.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange

Act, provides that such communications with stockholders shall not contain "any statement which,

at the time and in the light of the circumstances under which it is made, is false or misleading with

respect to any material fact, or which omits to state any material fact necessary in order to make

the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

49.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-

9 because it omits material facts concerning: (i) the financial projections provided by NuVasive's

management, as well as Globus Medical's management; (ii) the value of NuVasive shares and the financial analyses performed by BofA in support of its fairness opinion; and (iii) potential conflicts of interest.

50. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that BofA reviewed and discussed its financial analyses with the Board during various meetings including on February 8, 2023, and further states that the Board considered BofA's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

51. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

52. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

53. The Individual Defendants acted as controlling persons of NuVasive within the

meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of NuVasive and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

54.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

55.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

56.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

57.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

58.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to NuVasive stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C.     In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.      Awarding Plaintiff the costs and disbursements of this action, including reasonable

attorneys' and expert fees and expenses; and

F.      Granting such other and further equitable relief as this Court may deem just and

proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: April 5, 2023                              **ROWLEY LAW PLLC**


                                                  *S/ Shane T. Rowley*
                                                  Shane T. Rowley (SR-0740)
                                                  Danielle Rowland Lindahl
                                                  50 Main Street, Suite 1000
                                                  White Plains, NY 10606
                                                  Tel: (914) 400-1920
                                                  Fax: (914) 301-3514
                                                  Email: srowley@rowleylawpllc.com
                                                  Email: drl@rowleylawpllc.com

                                                  *Attorneys for Plaintiff*